Cruz Pérez, Plaintiff and Appellee, v. Santini Fertilizer Co., Defendant, and The National Surety Co., Defendant and Appellant.

No. 7468.   Argued January 21, 1938.—Decided July 13, 1938.

*Besosa & Besosa* for appellant. *Arturo Aponte* for appellee. *R. Buscaglia* for defendant Santini Fertilizer Co.

Mr. Justice Wolf delivered the opinion of the court.

█ This appeal turns upon the application of section 4 of the Act of March 1, 1902, p. 166, entitled "An Act to secure the effectiveness of judgments." Said section reads:

"Section 4.—If it be clearly shown by means of any authentic document that the fulfillment of the obligation may be legally enforced, the court shall decree the remedy without bond.

"In any other case, it shall be required that a bond be furnished. The bond thus given shall secure the defendant against any damage caused to him by reason of the remedy."

The "remedy" alluded to in the recited section is the process of attachment.

It is more or less conceded by the parties that the Santini Fertilizer Co. originally filed suit (No. 4721 in the District Court of San Juan) against Cruz Pérez, the present appellee, for the recovery of a certain sum of money. To secure the effectiveness of the judgment an attachment upon valuable property (sugar cane land) of the defendant was obtained and successive bonds of $2,000 and $10,000 were put up by the plaintiff company with the National Surety Co., the present appellant as surety. Subsequently an additional bond of $7,000 was given to secure the faithful discharge of the duties of a judicial administrator, Agustín Andino, appointed within the proceeding for the purpose of administering the attached property, pending litigation, also with the National Surety Co. as surety.

After a change of venue the District Court of Humacao rendered judgment in favor of the defendant, Cruz Pérez, without costs, which judgment was made absolutely final when the appeal was dismissed by this court. *Santini Fertilizer Có.* v. *Pérez,* 43 P.R.R. 40.

Sometime thereafter, on December 31, 1932, Cruz Pérez filed suit against the Santini Fertilizer Co. and the National Surety Co. to recover damages as a result of the attachment and judicial administration which plaintiff alleged amounted to $19,000. To secure the effectiveness of an eventual judg-

ment in his favor Pérez requested the attachment of sufficient property of the defendants to cover his claim. In his motion, the plaintiff asked that the attachment issue without bond on the authority of the case of *Fabelo* v. *Quintana Reyes,* 47 P.R.R. 67. The court granted the attachment without bond and the National Surety Co., whose particular property had been seized, moved to have it annulled on 'the ground that the case cited was inapplicable and that a bond should have been required. It is from the denial of this last motion that the appeal has been taken.

■■  The only issue before us is whether the facts of this case support the conclusion of the lower court to the effect that "it is clearly shown by an authentic document that the fulfillment of the obligation may be legally enforced."

The question is not an entirely new one in this jurisdiction. The following cases have dealt with the same general situation: *Avalo* v. *Porrata* (two decisions), 19 P.R.R. 19 and 28; *Polanco* v. *Goffinet,* 26 P.R.R. 286; *Roig* v. *Landráu,* 29 P.R.R. 294; *Bonilla* v. *Santiago,* 30 P.R.R. 229; *Benítez* v. *Benítez,* 34 P.R.R. 216; *Fabelo* v. *Quintana Reyes,* 47 P.R.R. 67; *Blanco & Co.* v. *Royal Ins. Co. et al.,* 47 P.R.R. 261.

In the first of the *Avalo* cases, *supra,* this court said, at page 27:

"As we have already stated, in order that an attachment to se-cure the effectiveness of a judgment may be decreed without security it is necessary that it be shown clearly by means of an authentic document that the fulfilment of the obligation may be legally enforced, which means not only that the documents on which the petition is based be authentic, but also that the judge may conclude easily and without great difficulty as to whether the obligation really exists and is enforceable."

The two cases which in our opinion have some bearing upon the present one are those of *Roig* v. *Landráu* and *Fabelo* v. *Quintana Reyes, supra.* Both the appellee and the lower court rely upon the *Fabelo* case.

In the latter case Quintana Reyes had originally sued Fabelo to recover possession of a truck which Quintana alleged had been previously sold to him. After filing a bond pursuant to section 173 of the Code of Civil Procedure, he obtained its delivery. Thereafter judgment was rendered against Quintana with the imposition of costs. Carolina Fabelo then filed suit against Quintana setting out three causes of action, to wit, (a) claiming $1,000 as the value of the truck, (b) claiming $2,000 for the loss of use of the truck, and (c) claiming $515 for costs and attorney's fees incurred in defending herself from the original suit. The issue on appeal was whether she was entitled to an attachment without bond. In affirming the holding of the lower court, which had granted the privilege, this court said:

"The appellant admits that the judgment that served as grounds to the district court is an authentic document, but sustains that it does not appear from it that the sums claimed are recoverable, because it merely dismissed the complaint, with costs.

"If the judgment were not explained by the statement of the case and the opinion, which is part of the same, the appellant would be correct in his contention; but as it is, the court did not err in acting in the way it did.

"It is true that the exact value of the truck is susceptible to being proved pursuant to the pleadings and the evidence, the same as the sum claimed for the use thereof, and that the costs are perhaps open to debate, but that does not mean that the sums claimed do not flow from authentic documents, as are the judgment and the bond we are dealing with, and that they are not recoverable."

The case of *Roig* v. *Landráu* was one where Roig subleased some realty to Landráu and also sold him the cane standing on the land for a certain price to be measured by what Landráu received from a specified sugar mill for the cane. The whole contract was incorporated into a notarial deed. Thereafter Roig brought suit against Landráu alleging that the latter still owed him $7,713.03 as a result of the harvesting of the cane. He sought to attach property of the

defendant without bond and the court denied him such a right. On appeal this court held:

"It is true that the contract entered into was set out in a public document, but the amount sued for, although arising from or depending on that contract, is subject to data, calculations and liquidations which do not appear in any authentic form. And this being so, the application of the law finally made by the district court is in accord with its spirit. Otherwise, it would be sufficient that the basis of an obligation, whose *development and extent* depend upon future facts should appear in a public instrument in order to grant without bond an attachment against properties of the obligee for a sum claimed upon the mere unverified allegation of the plaintiff, as in the present case." (Italics ours.)

The Law of Civil Procedure of Spain under the title of "Preventive Attachments" provided in section 1400 thereof, that before such an attachment could issue it was necessary for the plaintiff to accompany his request with an instrument showing the existence of the debt, and that the debtor be either a foreigner, or not domiciled in Spain, or have disappeared from his domicile under certain conditions. It appears that under the above provision only documents which carried with them the so-called right of execution would entitle the plaintiff to an attachment without bond. Among these documents were included: notarial deeds, private documents acknowledged under oath before a competent judge or a debt confessed before him, bills of exchange under specified circumstances, matured obligations payable to bearer, etc. See Manresa, *Comentarios al Código de Enjuiciamiento Civil Español*, vol. 5, p. 375 *et seq.*, and p. 430 *et seq.* From the above commentaries it seems that under the Spanish procedure preventive attachments to secure the effectiveness of judgments could only issue upon actions for debt and then only in cases where the debt appeared in an instrument, (page 379, *supra*).

It is difficult to find jurisprudence in the United States, because few, if any, of the states, have statutes allowing

attachment before judgment. We can presume therefore that our legislation has been modeled along the lines suggested by the Spanish law. Applying the peninsular procedure it would seem that the phrase "if it be clearly shown by means of an authentic document that the fulfillment of the obligation may be legally enforced" of our statute, refers to "*el título o documento que tenga aparejada ejecución,*" which is defined by section 1429 of the Spanish Law of Civil Procedure and to which we have already referred.

There are several differences, however, in our present legislation. While the Spanish Code required that the action be one for the collection of a debt, our statute does not so limit the field. All that it demands is that it appear in an authentic document that the fulfillment of the obligation may be legally enforced. There is no express description of the kind of obligation.

Was the obligation under the bonds, in a case which had progressed as far as the present one, the sort of obligation contemplated by our statute? The National Surety Co. had authentically bound itself to pay whatever damages, if any, had been suffered by the defendant as a result of the attachment, but such an obligation depended necessarily for its enforcement upon the actual existence of damages. Damages, as such, cannot be legally presumed except, perhaps, in certain instances. In the *Fabelo* case the events giving rise to Fabelo's cause of action had happened. The truck had been taken away from the defendant under a bond which expressly bound the plaintiff to return the same or its value, the costs had been incurred and awarded to her and she had been deprived of the use of the truck. All of that appeared from the judgment and opinion of the trial court. They were undisputed facts automatically giving rise to the obligation and to its enforcement.

In the case before us two steps must precede the right to enforce the obligation under the bond. One is the judicial

decision that there are damages and the other is the determination of their amount. Under the *Fabelo* case the latter is unimportant, but the first must still be shown.

We are of the opinion, therefore, that the order of the District Court of Humacao of December 7, 1936, should be reversed and the order of the same court of December 14, 1935, decreeing the attachment without bond should be annulled, and the case sent back for further proceedings not inconsistent with this opinion.

Mr. Justice De Jesús took no part in the decision of this case.